Geneva Halliday, Asst. U.S. Atty., Detroit, Mich., for defendant.

**Lauren HALL, Plaintiff,**

v.

**VETERANS ADMINISTRATION, Defendant.**

**No. 88–71102.**

United States District Court, E.D. Michigan, S.D.

Sept. 15, 1988.

### ORDER

AVERN COHN, District Judge.

#### I.

This Rehabilitation Act case, 29 U.S.C. § 791 *et seq.*, was filed *pro se.* Plaintiff Lauren Hall was employed by defendant Veterans Administration under the Act with the limitation that she must avoid a smokey atmosphere because she suffers from obstructive lung

disease. Plaintiff says defendant failed to provide her with a smoke-free environment to accommodate her handicap.

Defendant moves to dismiss. Defendant says plaintiff did not name Thomas Turnage, the Administrator of Veterans Affairs, as defendant, as required by 42 U.S.C. § 2000e–16(c). Defendant says any amendment of the complaint would not relate back to the filing of the complaint and thus the case must be dismissed.

### A.

The relevant facts are as follows. Plaintiff received final notice of agency action from the Equal Employment Opportunity Commission on March 3, 1988. On March 21, 1988 plaintiff lodged a *pro se* complaint with the Clerk of the Court naming the Veterans Administration as defendant with an application to proceed *in forma pauperis*. 28 U.S.C. § 1915. On March 22, 1988, plaintiff was granted *in forma pauperis* standing. The complaint was filed with the Clerk of the Court on March 23, 1988. On March 30, 1988, the Court entered an order directing the United States Marshal to serve process without prepayment of costs. 28 U.S.C. § 1915(d). On April 18, 1988 the United States Attorney in Washington, D.C. was served with a copy of the summons and complaint by registered mail. On April 19, 1988, the Veterans Administration in Washington, D.C. was served with a copy of the summons and complaint by registered mail. On July 11, 1988, in response to defendant's motion to dismiss and immediately before securing counsel, plaintiff filed an amended complaint naming Thomas Turnage, Administrator of Veterans Affairs, as defendant.

### B.

Defendant says that because the Veterans Administration did not receive notice of the action within 30 days of March 23, 1988, 42 U.S.C. § 2000e–16(c), the amended complaint does not relate back and must therefore be dismissed. Fed.R.Civ.P. 15(c).

It would be unfair to hold that the amended complaint does not relate back to the date of the filing of the original complaint. From the time plaintiff deposited her *pro se* papers with the Clerk of the Court forward, plaintiff had no control over the papers or the service of the summons and complaint. Under 28 U.S.C. § 1915(d), the Court may dismiss a case filed *in forma pauperis* prior to ordering service without prepayment of costs if it finds that the case is frivolous. It took until March 30, 1988, for the Court to determine that plaintiff's complaint was not frivolous and to order service of process without prepayment of costs. Under the internal procedures of the Eastern District of Michigan, the Clerk of the Court then turns the summons and complaint over to the United States Marshal who is responsible for service. However, the Veterans Administration was not served until April 19, 1988, apparently because the summons and complaint were not mailed until April 17 or 18. Had there been no delay either in the Court's determination that plaintiff's complaint was not frivolous or by the United States Marshal in mailing the summons and complaint, the Veterans Administration would have been served within the 30 day limit required by 42 U.S.C. § 2000e–16(c). Plaintiff is not at fault for the fact that service was made outside of the 30 day limit and it is only fair that the amended complaint relates back. Defendant's motion to dismiss is DENIED.

SO ORDERED.